IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH LEE JONES,**

    **Plaintiff,**

    v.                                                      **CASE NO. 25-3164-JWL**

**UNITED STATES PATENT
AND TRADEMARK OFFICE,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Joseph Lee Jones, who is currently detained at Osawatomie State Hospital in Osawatomie, Kansas, brings this pro se civil action seeking an order directing the United States Patent and Trademark Office to create certain forms and mail them to Plaintiff via the United States Postal Service. (Doc. 1.) With his complaint, he has filed a civil cover sheet (Doc. 2) and a motion for leave to proceed in forma pauperis (Doc. 4).

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

---

[1] The Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See Jones v. State of Kansas*, D. Kan. Case No. 12-3229-SAC (complaint dismissed August 21, 2013 as frivolous and for failure to state a claim for relief); *appeal dismissed* (10th Cir. August 14, 2014 additional "strike" assessed); *Jones v. Biltoft*, D. Kan. Case No. 14-3041-SAC (complaint dismissed May 28, 2014 as frivolous); *Jones v. U.S. Copyright Office*, D. Kan. Case No. 14-3078-SAC (complaint dismissed October 14, 2014, for failure to state a claim).

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)).

The Court has examined the complaint and attachments and finds no showing of imminent danger of serious physical injury. Plaintiff asserts that the United States Patent and Trademark Office refused his request to mail him forms to use to patent a way to teach fractal mathematics. He makes no allegations that he is in imminent danger of serious physical harm. Accordingly, pursuant to § 1915(g), Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the complaint will be dismissed for failure to pay the district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED** that Plaintiff 's motion for leave to proceed in forma pauperis (Doc. 3) is **denied.** Plaintiff is granted until **September 19, 2025,** to submit the $405.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated August 19, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.